# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ALICE M. ANDREWS, et al., | : | |
| Plaintiffs, | : | |
| vs. | : | CA 10-357-CG-C |
| SOUTH ALABAMA UTILITIES, | : | |
| Defendant. | | |

## REPORT AND RECOMMENDATION

This matter is before the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B), on Plaintiffs' Motion to Remand (Doc. 11), filed July 19, 2010, and Defendant's response (Doc. 15) thereto, filed August 11, 2010. After consideration of the motion, it is the undersigned's recommendation that it be **GRANTED**.

## FINDINGS OF FACT

1. On or about June 8, 2010, the Plaintiffs filed suit in the Circuit Court of Mobile County against South Alabama Utilities. (Doc. 1, Notice of Removal, pp. 1-2; Doc. 2-2, Cir. Ct. Compl.) In their lawsuit—related to the contamination of water supplied by the Defendant to their homes—Plaintiffs allege negligence; wantonness; nuisance; implied warranty of fitness for a particular purpose; and sale of a defective and unreasonably dangerous product, and seek damages and preliminary and permanent injunctive relief. (*Id.*)

2. Defendant's sole basis for removal is that it "anticipates invoking preemption as an affirmative defense to the allegations in the plaintiffs' complaint." (Doc. 1, p. 2.)

3. In their Motion to Remand, the Plaintiffs contend that Defendant's "bare-bones assertion," *above*, "is inadequate to establish 'federal question jurisdiction.'" (Doc. 11, p. 2.) Moreover, Plaintiffs' Motion states that "[t]he Defendant did not cite any federal law upon which its assertion is based," and that "a federal preemption defense, even if thoroughly asserted, has never been sufficient to establish 'federal jurisdiction' pursuant to 28 U.S.C. §1441(b) or (c)." (*Id.*)

4. In its Response, Defendant agrees with the Plaintiffs: "Based upon the statements made by Plaintiffs' counsel on behalf of the Plaintiffs concerning the scope, factually and legally, of the claims being made in this complaint, the Defendant believes that remand of this matter to state court is appropriate at this time and consents to the same." (Doc. 15, p. 1.)

## CONCLUSIONS OF LAW

1. "Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Because federal courts are courts of limited jurisdiction, "the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts

supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002); *see also Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n. 4 (11th Cir. 1998) ("[T]he removing party bears the burden of demonstrating federal jurisdiction.") (citation omitted); *Tapscott*, 77 F.3d at 1356 ("A removing defendant has the burden of proving the existence of federal jurisdiction."). Moreover, "[t]he removal statute should be construed narrowly with doubt construed against removal." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (citation omitted).

> The jurisdiction conferred by Article III, section 2 of the Constitution is codified in part in Title 28, section 1331 of the United States Code. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. And yet, this simple jurisdictional statement "masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).
>
> Just as federal courts are courts of limited jurisdiction, the plaintiff is the master of his or her complaint. *See, e.g., Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) ("the plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available" (citation omitted)). However, "it is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd.*, 463 U.S. at 22. "[I]f the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, federal question jurisdiction may nevertheless attach to the state-law claim." *Hill*, 364 F.3d at 1314 (citation and internal quotations omitted).
>
> The Supreme Court has stated that a cause of action arises under federal law in one of three ways. The most common circumstance is where federal law "creates the cause of action." *Franchise Tax Board*, *supra*, 463 U.S. at 8-9, quoting Justice Holmes in *American Well Works Co. v. Layne &*

> *Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916). A cause of action may also arise where "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims" or where "a federal cause of action completely preempts a state cause of action." *Id.*, at 13, 24.

*Bd. of Water & Sewer Comm'rs of the City of Mobile v. Ala. Dep't of Transp.*, Civil Action No. 07-0870-CG-C, 2008 WL 4874053, at *2 (S.D. Ala. Nov. 7, 2008) (footnote omitted).

2. As stated above, Defendant's basis for removal here is its anticipation of "invoking preemption as an affirmative defense to the allegations in the plaintiffs' complaint." (Doc. 1, p. 2.) Although it is not clear, based on the Notice of Removal, what alleged "federal cause of action completely preempts [plaintiffs' asserted] state cause[s] of action," *Ala. Dep't of Transp.*, 2008 WL 4874053, at *2, as to allow removal, "[t]he starting point for any preemption analysis is '"the assumption that the historic police powers of the states are not superseded by federal law unless preemption is the clear and manifest purpose of Congress."'" *Pace v. CSX Transp., Inc.*, ___ F.3d ____, 2010 WL 3034664, at *2 (11th Cir. Aug. 5, 2010) (quoting *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1122 (11th Cir. 2004).

4. Here, "[b]ecause the propriety of removal is at issue, our analysis concerns complete preemption." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1344 (11th Cir. 2009). "Complete preemption . . . carries a higher burden than proving a defense based on preemption." *Pace v. CSX Transp., Inc.*, ___ F.3d ____, 2010 WL 3034664, at *2 n.1 (11th Cir. Aug. 5, 2010) (citation omitted); *see, e.g., Conn.*

4

*State Dental Ass'n*, 591 F.3d at 1344 ("Complete preemption under ERISA derives from ERISA's civil enforcement provision, § 502(a), which has such 'extraordinary' preemptive power that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule,'" and "[c]onsequently, any 'cause[ ] of action within the scope of the civil enforcement provisions of § 502(a) [is] removable to federal court.'" (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)).

> [T]he Supreme Court has described complete preemption as a "narrow exception," *Beneficial* [*Nat. Bank v. Anderson*], 539 U.S. [1, 5, (2003)], to the usual rule against federal jurisdiction or removal premised merely upon a prospective federal defense. Both jurisdiction and removal are primarily creatures of Congress; and the balance Congress has struck should not lightly be disregarded. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). Congress has only rarely chosen to make a federal defense the basis for federal jurisdiction or removal—the federal officer removal statute, 28 U.S.C. § 1442(a), being one example.
>
> Further, numerous federal statutes regulate a great variety of entities, products, services and other activities affecting commerce (e.g., the food and drug laws, *see Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 121 S.Ct. 1012, 148 L.Ed.2d 854 (2001)); and if each of these regulatory schemes allowed for related state law claims to be removed to federal court merely because of a potential preemption defense, but without a federal cause of action, this would license wholesale transfer of state law claims into federal court. *Cf. Campbell v. SmithKline Beecham*, 919 F. Supp. 173, 176-77 (E.D. Pa. 1996).

*Fayard v. Northeast Vehicle Servs., LLC*, 533 F.3d 42, 48 (1st Cir. 2008).

4. Moreover, "[a]s the Supreme Court held in *Rivet v. Regions Bank of Louisiana*, federal jurisdiction is a creature of statute, and because 'Congress has not

authorized removal based on a defense or anticipated defense federal in character,'" *Domnister v. Exclusive Ambulette, Inc.*, 607 F.3d 84, 91 (2d Cir. 2010) (quoting 522 U.S. 470, 472 (1998)), the affirmative defense of preemption cannot provide a federal court with removal jurisdiction.  And, fortunately, Defendant now agrees that this case has no business in federal court.  (See Doc. 15, p. 1 ("Defendant believes that remand of this matter to state court is appropriate at this time and consents to the same.").)

## **CONCLUSION**

In light of the foregoing, the undersigned **RECOMMENDS** that the motion to remand this case to the Circuit Court of Mobile County, Alabama (Doc. 11) be **GRANTED**.

**DONE** this the 23rd day of August, 2010.

s/ WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l. *Objection*. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded)*. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[1] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).